**Ronald Lee PHARES,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 73A01–8608–CR–00231.

Court of Appeals of Indiana,
First District.

April 13, 1987.

Jeffrey M. Linder, Brown & Linder, Shelbyville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Ronald Lee Phares appeals his conviction by jury trial of conspiracy to commit robbery, a class C felony.[1] He was sentenced to a term of six (6) years and six (6) months.[2] We affirm.

## FACTS

Phares, his brother Arthur, and one David Jacobs, met about 11:00 P.M. on December 11, 1985, and were planning a trip to Florida. Because they lacked the necessary funds to finance the trip, they discussed going to the home of another person and robbing him. However, upon arriving at that intended victim's home they discovered he was not there which thwarted their plan. The three then discussed robbing George Arthur's service station. They then drove to the station and filled the car with gasoline. Arthur Phares pumped the gas and Jacobs paid Mr. Arthur. The three returned to the car and discussed a plan to rob Mr. Arthur. Thereafter, Phares and Jacobs went into the station. Jacobs had a road atlas and asked Mr. Arthur for directions to Georgia. Mr. Arthur spread the atlas on a counter and was describing the route to Georgia to Jacobs. At this time, Arthur Phares entered the station and hit Mr. Arthur over the head with a tire iron. The three men then left the station without taking any money. Mr. Arthur received a head laceration necessitating treatment by a physician at a local hospital.

## ISSUES

The issues raised on appeal, which we have re-stated, are:

1. Was the evidence sufficient to sustain Ronald Phares's conviction of conspiracy to commit robbery, a class C felony? [3]

2. Did the information sufficiently charge a class A felony so that it was proper for the court to instruct the jury and tender verdict forms on the greater offense?

*Issue One*

Phares contends there was insufficient evidence to establish each element of the conspiracy. More specifically, he argues there was no competent evidence to establish any agreement to commit robbery. We disagree.

 The requisite elements of a criminal conspiracy are: (1) intent to commit a felony, (2) an agreement with another person to commit the felony, and (3) an overt act in furtherance of that agreement. *Perkins v. State* (1985), Ind., 483 N.E.2d 1379, 1385; *Sutton v. State* (1986), Ind.App., 495 N.E.2d 253, 257, *trans. denied.* The gravamen of the offense of conspiracy is the agreement between the co-conspirators. *Perkins*, at 1386; *Sutton*, at 257. Conspiracy entails an intelligent and deliberate agreement between the parties. *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1080;

---

1. Indiana Code section 35–41–5–2 defines the offense of conspiracy. Robbery is defined in Indiana Code section 35–42–5–1.

2. Indiana Code section 35–50–2–6 prescribes the sentence for a class C felony.

3. Phares phrases the issue as (1) insufficiency of the evidence, (2) error in denial of his motion for judgment on the evidence made at the close of the State's case, and (3) error in denial of his motion for judgment on the evidence made at the conclusion of all the evidence. These are but different ways of stating the same issue, *i.e.*, the sufficiency of the evidence to sustain the conviction. *Jackson v. State* (1980), 273 Ind. 49, 402 N.E.2d 947.

*Sutton,* at 257. However, the state is not required to prove the existence of a formal express agreement. *Perkins,* at 1385; *Survance,* at 1080; *Sutton,* at 257. The agreement may be proven by circumstantial evidence alone, *Perkins,* at 1385, including the overt acts of the parties in pursuance of the criminal act. *Survance,* at 1080; *Sutton,* at 257. Likewise, intent may be inferred from the acts committed and the surrounding circumstances. *Perkins,* at 1385. In *Survance,* at 1080–81, our supreme court said:

"The agreement as well as the requisite guilty knowledge and intent may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act. [Citations omitted.] Where the sufficiency of such evidence is in question, as the reviewing court, we examine it carefully, 'not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court.' [Citations omitted.]

"In *United States v. Holt,* (1939) 108 F.2d 365, the Seventh Circuit Court of Appeals held:

'[O]vert acts of the parties may be considered with other evidence and attending circumstances in determining whether a conspiracy exists, and where the overt acts are of a character which are usually, if not necessarily, done pursuant to a previous scheme and plan, proof of the acts has a tendency to show such pre-existing conspiracy, so that when proven they may be considered as evidence of the conspiracy charged.'

108 F.2d at 368."

■ Here, the jury could have inferred the agreement and intent from the facts showing the waiting in the car after purchasing gasoline, the entering the station with the atlas and asking directions as a diversionary tactic, and the striking of Mr. Arthur with the tire iron. In addition, there was testimony from Arthur Phares

and Jacobs concerning the plan to rob Mr. Arthur.

■ Phares points to testimony by Arthur Phares and Jacobs wherein they equivocated as to the agreement, said no agreement was made or that it was abandoned, or that it was all a joke. The jury did not have to believe this. It is the prerogative of the trier of fact to believe or disbelieve whomever it chooses. *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 723; *Kocher v. State* (1982), Ind., 439 N.E.2d 1344. In addition, the acts of the parties belie their disavowal of the agreement and intent to rob Mr. Arthur. There was sufficient evidence from which the jury could find beyond a reasonable doubt the existence of all the elements of the conspiracy.

*Issue Two*

Phares next contends the trial court erred in allowing this case to be tried as a class A felony and in instructing the jury concerning class A and class B felony provisions when the information charged only a class C felony. We disagree.

The information in this case charged that on December 11, 1985, in Shelby County, Indiana,

"RONALD LEE PHARES and DAVID W. JACOBS and ARTHUR A. PHARES did agree with and among each other for the object and purpose and with the intent to commit a felony, to-wit: Robbery by using and threatening the use of force on George C. Arthur for the purpose of taking property, to-wit: United States Currency, and in furtherance of the agreement to-wit: did knowingly touch George C. Arthur in a rude, insolent and angry manner by striking upon his head with a wooden club thereby causing serious bodily injury to said George C. Arthur...."

Record at 6.

■ Robbery is a class C felony. However, it is a class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a class A felony if it results in serious injury to any person other than a defendant. Ind.

Code § 35–42–5–1. "Bodily injury" means any impairment of physical condition, including pain. Ind.Code § 35–41–1–4; *Woods v. State* (1984), Ind., 460 N.E.2d 503, 505. " 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ." Ind.Code § 35–41–1–25. The information charged that the victim was hit over the head causing serious bodily injury to him. This was sufficient. It was not necessary to allege the specifics of the serious bodily injury. *Moody v. State* (1983), Ind., 448 N.E.2d 660, 662. Thus, the particulars of the serious bodily injury are a matter of proof. It is not necessary to burden the information with facts describing the injury or how it was inflicted. *Id.* Testimony of the victim revealed that as a result of the blow he could not see and that "it felt like every bone in my head was a falling out and the top of my head felt like it was off." Further, the victim stated "... I couldn't see nobody ... because I was too near knocked out. The light—my sight had left me." Record at 214. The victim was taken to the hospital where eight stitches were required to close the head wound. This evidence was sufficient to establish serious bodily injury. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1264 (knife wound near elbow requiring five internal and ten external stitches and knife wound to hand requiring seven stitches constituted serious bodily injury).

■■■ Phares argues the information failed to charge a class A felony because it did not allege that he agreed to inflict serious bodily injury but alleged only an agreement to rob the victim. He is in error. Robbery is a class A felony if it results in serious bodily injury. The state does not have to prove that the defendant knowingly or intentionally caused such injury. If serious bodily injury occurred as a consequence of the conduct of the accused, the offense is a class A felony. *Stark v. State* (1986), Ind., 489 N.E.2d 43, 48. The same would be true as to bodily injury raising the offense to a class B felony. *Id.*

The infliction of the injury simply raises the grade of the offense. If injury results, the robbery is a more serious offense. But, the infliction of the injury need not be intended. *Id.*

■■■ Conspiracy is a felony of the same class as the underlying felony. Ind. Code § 35–41–5–2. If the infliction of bodily injury or serious bodily injury need not be done knowingly or intentionally to raise robbery from a class C felony to either a class B or class A felony, neither does the infliction of such an injury have to be a subject of the agreement. If the parties agree to commit robbery, and as a result of an overt act committed in furtherance of the conspiracy a serious bodily injury occurs, the conspiracy is a class A felony. However, the information need only allege the agreement to rob and the resulting injury. It is not necessary to allege or prove an agreement to inflict the injury. *See Commonwealth v. McNeal* (1974), 456 Pa. 394, 396–97, 319 A.2d 669, 671–72 (Defendant convicted of rape, conspiracy to commit rape, and first degree murder. He did not dispute the conspiracy to rape, but argued the felony-murder rule should not be applied where the murder was not committed in furtherance of the conspiracy. Court said whether or not the killing was committed in furtherance of the conspiracy was a jury question. Also, if the killing was committed in furtherance of the conspiracy it would not matter that defendant did not anticipate that the victim would be killed.); *Commonwealth v. Laurin* (1979), 269 Pa.Super. 368, 372, 409 A.2d 1367, 1369 (Defendant argued he should not have been held responsible for acts of co-conspirator which resulted in an unintended shooting death. Court rejected that argument saying "... the fact is that the homicide was not an act beyond the scope of the conspiracy.... The fact that a homicide was not specifically contemplated by the appellant is immaterial, for the homicide was a natural and probable consequence of the acts intended by the conspirators."). Here, the injury to Mr. Arthur clearly was a natural and probable consequence of the planned robbery and was done in furtherance of

that conspiracy. The information here sufficiently charged a class A felony.

 Phares also is wrong because he was convicted of only class C felony robbery. Thus, he was not harmed by the court's instructing the jury on robbery as a class B felony or class A felony, or by the submission of such verdict forms to the jury, and may not complain of such instructions. *Pulliam v. State* (1976), 264 Ind. 381, 345 N.E.2d 229; *Robinson v. State* (1899), 152 Ind. 304, 53 N.E. 223; *Seay v. State* (1976), 168 Ind.App. 252, 342 N.E.2d 879. In addition, he has waived any issue as to the propriety of the court's instructions 11 and 12, those being the ones pertaining to class A and B felonies, by his failure to set out verbatim in his brief the instructions complained of together with his objection thereto. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). Neither does Phares direct us to any place in the record where he objected to such instructions, and our examination of the record fails to reveal any such objections. No error has been preserved on appeal. *Averhart v. State* (1984), Ind., 470 N.E.2d 666, 689, *cert. denied,* 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 323.

Judgment affirmed.

ROBERTSON and SULLIVAN, JJ., concur.