Herschell SHERWOOD, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 48S00–9906–CR–363.

Supreme Court of Indiana.

May 31, 2001.

Mark Maynard, Decker, Lawyer, & Maynard, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Herschell Sherwood was convicted of murder and conspiracy to commit robbery. We affirmed his conviction, but remanded the case to the trial court for a new sentencing order. Because the new sentencing order contains a number of the same inadequacies as the initial sentence, we exercise our authority to review and revise the sentence here.

*Background*

The facts most favorable to the verdict indicate that on December 13, 1993, Defendant and an accomplice murdered Jerry Baugh at a car wash while attempting to rob him.[1] Defendant was convicted of Murder,[2] and Conspiracy to Commit Robbery, a Class B felony.[3]

At the sentencing hearing, Defendant introduced evidence of mitigating circumstances. Defendant called witnesses who testified that he had previously led a law-abiding life and was involved in church activities as a young man; that his divorce and the death of his father had disturbed him and led to more unstable behavior; that he was a good worker and not a violent person; and that his involvement in the crimes of which he was convicted was out of character for him. Defendant also cited his remorse as a mitigating circumstance.

The trial court did not address the mitigation evidence, but found four aggravating circumstances: (1) the imposition of a reduced sentence would depreciate the seriousness of the crime, (2) the crime was a particularly heinous act, (3) Defendant was previously involved with cocaine, and (4) the crime impacted the victim's family. *See Sherwood v. State*, 702 N.E.2d 694, 700 (Ind.1998). The trial court sentenced Defendant to 80 years—consecutive sentences of 60 years for the murder and 20 years for the conspiracy to commit robbery convictions.[4] *Id.* at 696.

On appeal, we found the sentencing order improper in three respects. First, we

---

1. For a full review of the facts see *Sherwood v. State*, 702 N.E.2d 694, 696–97 (Ind.1998).

2. Ind.Code § 35–42–1–1 (1993).

3. *Id.* §§ 35–41–5–2 and 35–42–5–1.

4. The presumptive sentence for murder at the time of the crimes was 40 years. Up to 20

years could be added for aggravating circumstances. *See* Ind. Code § 35–50–2–3 (1993). The presumptive sentence for a Class B felony was ten years. Up to ten years could be added for aggravating circumstances. *See id.* § 35–50–2–5.

found that the "trial court inappropriately applied the first aggravating circumstance." *Id.* at 700. Second, we found the third aggravating circumstance—Defendant's involvement with cocaine—to be inappropriate in this case. *Id.* Finally, we found that the trial court erroneously failed to consider Defendant's proffered mitigation evidence. *Id.* Because the trial court incorrectly sentenced Defendant, we remanded the case to the trial court for a new sentencing order. *Id.*

On remand, the trial court did not alter the original sentence. It did issue a new sentencing order, from which Defendant appeals, arguing that it suffers from the same defects as the original order.

### Discussion

Trial courts have discretion in sentencing, and we review such decisions only for an abuse of discretion. *See Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind. 1996). When sentencing a defendant, a trial court may consider certain aggravating and mitigating circumstances. *See* Ind. Code §§ 35–38–1–7.1(b) and 35–38–1–7.1(c) (1993). The court may increase a sentence or impose consecutive sentences if the court finds aggravating factors. *See id.* § 35–38–1–7.1(b). One valid aggravator alone is enough to enhance a sentence or impose it to run consecutively with another. *See id. See also Smith v. State*, 675 N.E.2d 693, 697 (Ind.1996). The court may also consider certain factors as mitigating or as favoring a reduced or suspended sentence. *See id.*

Indiana law requires that the trial court take the following steps during sentencing: (1) identify all significant mitigating and aggravating circumstances; (2) specify facts and reasons which lead the

court to find the existence of each such circumstance; and (3) demonstrate that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *See Morgan*, 675 N.E.2d at 1073; *Dumbsky v. State*, 508 N.E.2d 1274, 1278 (Ind.1987).

The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *See Birdsong v. State*, 685 N.E.2d 42, 47 (Ind.1997). Indiana law, however, mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them. *See id.*

### A

We originally remanded this case for a new sentencing order based on the trial court's treatment of the aggravating and mitigating circumstances. *See Sherwood*, 702 N.E.2d at 700. Defendant had presented and argued the existence of mitigating circumstances, but the trial court did not acknowledge them. *See id.* Because there was no indication whether the trial court rejected these factors or failed to consider them, we assumed that the trial court failed to consider the mitigating evidence. *See id.* Additionally, we found that the trial court "inappropriately applied the first aggravating circumstance." [5] *See id.*

We also held that the trial court improperly considered Defendant's prior cocaine involvement. *See id.* At the sentencing hearing, the State presented evidence of an arrest for cocaine use while Defendant

---

**5.** The trial court stated that the imposition of a reduced sentence would depreciate the seriousness of the crime. We found this to be an inappropriate aggravating circumstance be-

cause the record did not reflect any evidence that the trial court considered imposing a sentence shorter than the presumptive term. *See Sherwood*, 702 N.E.2d at 700.

was in the military. *See id.* The basis for this aggravating circumstance was a printout from the National Crime Information Center. *See id.* at 700 n. 7. There was no evidence of a conviction, and Defendant testified that he was neither charged nor disciplined because the cocaine was found in a desk that he shared with another soldier. *See id.* We explained that the court could not consider the cocaine arrest as criminal conduct:

> To the extent that the trial court viewed the prior involvement with cocaine as evidence of criminal history, it was improperly considered under Indiana Code section 35–38–1–7.1(b)(2) (1993). A single arrest does not establish a history of criminal conduct. *Tunstill v. State,* 568 N.E.2d 539, 545 (Ind.1991). Nonetheless, a prior arrest may be considered under Indiana Code section 35–38–1–7.1(d) (1993) because such a record 'reveal[s] to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State.' *Tunstill,* 568 N.E.2d at 545. Here, the trial court did not demonstrate that it considered 'prior involvement with cocaine' to be evidence that defendant has not been deterred from antisocial behavior. In fact, the trial court did not specify any particular manner in which it considered this evidence beyond a mere recitation of the facts. Therefore, the trial court erroneously cited to defendant's prior involvement with cocaine as an aggravating factor in this case.

*See id.* (quotations in original).

## B

The trial court's new sentencing order is an inadequate response to our decision in *Sherwood.*

The new sentencing order briefly addressed some of Defendant's mitigation claims. It stated:

> [The witnesses for Defendant] generally testified that there were no problems with Defendant when he was growing up but that after his father passed and he was divorced from his ex-wife that he no longer was a leader, became a follower and an introvert. ... The experience that [Defendant] had in those regards are not mitigating factors and do not lessen the severity of this offense.

But the order fails to address his claims of a lack of significant criminal history and remorse.

The trial court also failed to follow our direction regarding the cocaine arrest. Instead, the court said, "The fact that the defendant apparently began using cocaine in the military is an extreme aggravating circumstance ... because this case was in fact a conspiracy to ... perpetuate the criminal behavior or illegal drug consumption with the defendant and his co-conspirators."

■ We explicitly stated in *Sherwood* that Defendant's cocaine arrest could only be considered to the extent that his prior involvement with law enforcement did not deter further criminal activity. 702 N.E.2d at 700. We also clearly explained that a single arrest does not establish a history of criminal conduct. *Id.* Despite this, the trial court again found Defendant's cocaine arrest as criminal conduct and found it particularly aggravating because the crime he was charged with was a continuation of that criminal conduct.

## C

■ Where we find an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for a clarification or new sentencing determination; to affirm the sentence if the error

is harmless; or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level. *See Bivins v. State,* 642 N.E.2d 928, 957 (Ind. 1994), *cert. denied,* 516 U.S. 1077, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996). We elect appellate reweighing here.

The only mitigating factor that we find to be significant is Defendant's lack of a significant criminal record prior to this crime. We find that this is a mitigating circumstance in the medium range. *See Baird v. State,* 604 N.E.2d 1170, 1182 (Ind. 1992) (weighing lack of criminal history as a mitigating circumstance in the medium range), *cert. denied,* 510 U.S. 893, 114 S.Ct. 255, 126 L.Ed.2d 208 (1993). We do not find Defendant's remorse to be out of the ordinary and therefore do not give it any mitigating weight. *See Evans v. State,* 727 N.E.2d 1072, 1083 (Ind.2000) ("It is within the sentencing court's discretion to determine whether remorse should be considered as a 'significant' mitigating factor.") As noted in our earlier opinion, we agree with the trial court's finding that the heinousness of the crime constitutes a valid aggravating circumstance.

Weighing the aggravating and mitigating circumstance, we find them in approximate balance and conclude that concurrent presumptive sentences are therefore appropriate.

### Conclusion

We remand this case to the trial court with instructions to impose concurrent sentences of 40 years on the murder count [6] and 10 years on the conspiracy to commit robbery count.[7]

SHEPARD, C.J., and BOEHM, and RUCKER, JJ., concur.

---

**6.** Ind. Code § 35–50–2–3(a) (1993).

DICKSON, J., concurs and dissents with separate opinion.

DICKSON, Justice, concurring and dissenting.

I concur with the majority's analysis except for its final conclusion. The majority agrees with the trial court's finding that the heinousness of the crime constitutes a valid aggravating circumstance, but concludes that this is approximately balanced by a single mitigating circumstance—the defendant's lack of a significant prior criminal record. I believe that the aggravating circumstance outweighs the mitigating circumstance and that the imposition of concurrent presumptive sentences is an insufficient punishment for these offenses and this offender.