**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CRAIG PERSINGER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WAYNE A. MOOREFIELD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1112-CR-1149 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-0612-FD-166

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Wayne Moorefield appeals his sentence following his conviction for non-support of a dependent child, as a Class D felony, pursuant to a guilty plea. He presents a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Moorefield, who has resided in Texas since 2004, is the father of four minor children, including B.L.M., who was born in Indiana and who resides here with her mother. On May 14, 2001, after Moorefield's paternity of B.L.M. was established, the trial court ordered Moorefield to pay $43 per week in child support. And on November 22, 2002, his child support obligation was modified, by agreement, to $77 per week. On December 6, 2006, the State charged Moorefield with non-support of a dependent child, alleging that he had accrued an arrearage of $9,612.86.

On August 24, 2011, Moorefield was arrested, and a plea hearing was set for October 31.[1] At that hearing, Moorefield admitted that he knowingly or intentionally failed to provide child support for B.L.M. from January 1, 2002, through September 30, 2006. Moorefield acknowledged that he was pleading guilty without a plea agreement. At sentencing, the trial court identified three aggravators, namely: Moorefield's criminal history; his disregard for his financial obligation to B.L.M. while having additional children; and the significant amount of his arrearage. And the trial court identified two

---

[1] The record is silent regarding the reason for the lapse in time from the date of the charging information and the date of his arrest. At the plea hearing, the trial court observed, "Apparently, they just found you." Transcript at 4.

mitigators, namely: his guilty plea; and the hardship to his children "because of his incarceration." Appellant's App. at 36. The trial court found that the aggravators outweighed the mitigators and imposed a sentence of two years, executed. This appeal ensued.

## DISCUSSION AND DECISION

Moorefield contends that the trial court abused its discretion when it sentenced him to a two-year executed sentence. First, Moorefield maintains that the trial court "failed to give appropriate weight to the positive changes that Moorefield had been making in his life in recent years." Brief of Appellant at 7. And second, he asserts that the trial court "improperly found as an aggravating factor that Moorefield had three children subsequent[] to the child at issue in this case—three children that Moorefield was by all accounts supporting faithfully." Id. We address each contention in turn.

Initially, we note that Moorefield's offense occurred from 2002 until 2006, so the former sentencing scheme applies. Sentencing decisions are generally within the discretion of the trial court and will only be reversed upon a showing of an abuse of discretion. Marshall v. State, 832 N.E.2d 615, 623 (Ind. Ct. App. 2005), trans. denied. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. Id. The court may increase a sentence or impose consecutive sentences if the court finds aggravating factors. Sherwood v. State, 749 N.E.2d 36, 38 (Ind. 2001).

Moorefield first contends that the trial court should have given mitigating weight to the "positive changes" he had made in his life since he had incurred the child support

3

arrearage. Brief of Appellant at 7. It is well settled that the finding of mitigating circumstances is within the discretion of the trial court. Hackett v. State, 716 N.E.2d 1273, 1277 (Ind. 1999). The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. Chambliss v. State, 746 N.E.2d 73, 78 (Ind. 2001). The allegation that the trial court failed to find a mitigating circumstance requires Moorefield to establish that the mitigating evidence is both significant and clearly supported by the record. See Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999).

Here, Moorefield testified that at the time of the sentencing hearing, he was in school, earning good grades, and living with three of his children. But he also testified that he had continued to accumulate an arrearage, which totaled $26,000 at the time of the hearing, and he had been convicted in Texas for possession of cocaine and possession of marijuana in 2008. In addition, Moorefield had been unemployed since January 2011. Moorefield has not demonstrated that this proffered mitigator is both significant and clearly supported by the record. The trial court did not abuse its discretion when it did not identify Moorefield's life changes as a mitigator.

Finally, Moorefield alleges that the trial court "placed weight on an improper aggravating factor—the fact that Moorefield had three children after he began to accumulate an arrearage on the support order regarding [B.L.M.]" Brief of Appellant at 6. But Moorefield does not support that contention with either cogent argument or citation to authority. Accordingly, the issue is waived. See Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006); Ind. Appellate Rule 46(A)(8)(a).

We hold that the trial court did not abuse its discretion when it sentenced Moorefield to two years for non-support of a dependent child, as a Class D felony, and, thus, his sentence is not inappropriate.  <u>See</u> Ind. Appellate Rule 7(B).

Affirmed.

RILEY, J., and DARDEN, J., concur.