## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 29 2016, 9:12 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adam K. Bales,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 29, 2016

Court of Appeals Case No.
77A01-1501-CR-12

Appeal from the Sullivan Superior Court

The Honorable Robert E. Springer, Magistrate

Trial Court Cause No.
77D01-1307-FA-372

**Bailey, Judge.**

# Case Summary

[1] Adam K. Bales ("Bales") brings a belated appeal[1] to challenge the sentence imposed upon him following his plea of guilty to Attempted Murder, a Class A felony.[2] We affirm the aggregate sentence, but remand to the trial court with instructions to vacate the fine imposed as part of the habitual offender enhancement and to enter a sentencing order that provides that Bales received a forty-year sentence, enhanced by thirty years, as opposed to consecutive sentences.

# Issues

[2] Bales presents four issues for review:

    I.      Whether the trial court abused its sentencing discretion by failing to enter a proper sentencing statement;

    II.     Whether the trial court abused its sentencing discretion by failing to recognize remorse as a mitigating circumstance;

---

[1] After Bales initiated an appeal and filed an appellant's brief, the State filed an appellee's brief and contended that Bales's appeal should be dismissed due to failure to file a timely notice of appeal. Bales filed a petition for remand, for the purpose of filing a petition to file a belated notice of appeal. This Court remanded the matter and permitted Bales ten days to file his petition for a belated appeal in the trial court. The trial court granted the petition on September 15, 2015, and this Court permitted Bales to file an amended brief and a belated notice of appeal.

[2] Ind. Code §§ 35-42-1-1(1) & 35-41-5-1.

III.    Whether the habitual offender enhancement was improperly designated a consecutive sentence and accompanied by a fine; and

IV.    Whether Bales's sentence is inappropriate.

# Facts and Procedural History

[3]    On June 29, 2013, Bales struck his girlfriend, Joann Pierce ("Pierce") repeatedly, using his fists and a rifle. He grabbed a knife and cut Pierce as she tried to disarm him. Bales then pursued Pierce as she attempted to flee, shooting her multiple times. Pierce collapsed on the lawn, having been shot in her neck, face, leg, and right arm.

[4]    Bales called 9-1-1 and reported the shooting. He was arrested and charged with Attempted Murder. After Bales pled guilty to the charge against him, and admitted his status as a habitual offender, he received a seventy-year aggregate sentence and two fines of $100.00 each. This appeal ensued.

# Discussion and Decision

## Abuse of Discretion – Sentencing Statement

[5]    At the time of Bales's offense, Indiana Code Section 35-50-2-4 provided that a person convicted of a Class A felony faced a sentencing range of twenty to fifty years, with the advisory sentence being thirty years. Bales received a sentence of ten years more than the advisory sentence. The Attempted Murder sentence

was enhanced by thirty years, due to Bales's status as a habitual offender. I.C. § 35-50-2-8.

[6] "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007) (*Anglemyer II*). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

[7] The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. *Id.* A trial court abuses its discretion if its reasons for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind. 2007).

[8] Here, the trial court made an oral sentencing statement and entered a written sentencing statement. Bales contends that these statements irreconcilably conflict. The oral sentencing statement provided:

> [T]he court's going to find that the aggravators listed in the Pre-Sentence report are appropriate, in that the person does have a criminal history, and clearly, with this type of crime and that he

was actually on probation when he committed this crime. Also [I am] going to consider the method in which the crime was committed and the seriousness of the defendant's [sic] injuries. I believe it is significant that he, this whole episode took a good deal of time; he had several opportunities to abandon what he, what he was doing. It is a mitigator that he's admitting his guilt. And I believe, of course the seriousness of the offense and the seriousness of her injuries are aggravators as well. … So there'll be seventy (70). Had you not called 9-1-1 and admitted your guilt it would have been eighty (80) Mr. Bales.

(Tr. at 76-77.) The written Sentencing Order included the trial court's statement that the Pre-Sentence Investigation Report had been considered, and the following aggravators and mitigators were specifically found: "The Defendant has a history of criminal behavior; The Defendant has recently violated the conditions of probation; The Court considers the method of the crime; The Defendant called 911 to report the crime; and The Defendant is admitting his guilt." (App. at 83-84.) The written order also stated that an aggregate sentence of seventy years had been imposed.

[9] We do not find the oral and written statements to be in irreconcilable conflict. In each instance, the trial court clearly conveyed that the court had considered the circumstances reflected in the Pre-Sentence Investigation Report. In each instance, the trial court specifically articulated its consideration of the manner in which the crime was committed, Bales's criminal history, and his acceptance of responsibility after commission of the instant crime. In each instance, the aggregate sentence referenced was the same. The trial court need not have used identical language. We find no abuse of discretion.

## Abuse of Discretion – Mitigating Circumstance

[10] Bales claims that the trial court abused its discretion by failing to consider his remorse as a mitigating circumstance. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. *Anglemyer II*, 875 N.E.2d at 220-21. The trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001).

[11] The trial court accorded mitigating weight to Bales's taking responsibility for his actions by calling 9-1-1 and pleading guilty. To the extent that Bales believes he manifested his remorse apart from those actions, he did not present an argument in this regard to the trial court. The trial court will not be found to have abused its discretion by failing to find a mitigator not advanced for consideration. *Anglemyer II*, 875 N.E.2d at 221.

## Habitual Offender Enhancement

[12] Bales admitted his status as a habitual offender and the trial court accordingly adjudicated him a habitual offender. The trial court then purportedly imposed a "consecutive sentence" for "Count II," and assessed a separate $100.00 fine. (App. at 84.) As Bales argues, and the State concedes, this was in error, as Bales was not subject to a separate sentence and fine.

[13] At the time of Bales's offense, Indiana Code Section 35-50-2-8(a) provided that the State could seek to have a person sentenced as a habitual offender by

alleging that the person had accumulated two prior unrelated felony convictions. Section (h) provided that the court should sentence a person found to be a habitual offender to an "additional fixed term" not less than the advisory sentence for the underlying offense and not more than three times the advisory sentence for the underlying offense, capped at thirty years. Upon his adjudication as a habitual offender, Bales was subject to an enhancement but not a separate sentence or fine. We remand for correction of the sentencing order in accordance with the relevant statute.

## Appropriateness of Sentence

[14] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" *Anglemyer*, 868 N.E.2d at 494 (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[15] As for the nature of the offense, Bales armed himself with a gun and knife and waited for Pierce to return home. Bales first attacked Pierce with his fists, then

cut her with the knife. He smashed her forehead with the end of a rifle and threw lamps at her as she fled through the house. Bales picked up a shotgun and began to fire at Pierce, stopping to re-load his weapon. One shot struck Pierce in the hand, taking off two fingers and leaving "hunks of flesh" lying on the kitchen floor. (Tr. at 22.) One shot shattered Pierce's tibia. Also, her carotid artery was nicked.

[16] The police officer who responded to Bales's 9-1-1 call found Pierce collapsed next to a vehicle; he did not expect Pierce to survive. She required hospitalization for over one month and has undergone multiple surgeries. One surgery involved the insertion of a steel rod in her leg.

[17] As to the character of the offender, Bales has a criminal history consisting of three prior felonies and four misdemeanors. Two of the felony convictions stemmed from attacks on prior girlfriends. He held a butcher knife to the throat of one girlfriend; he beat another with a lamp. He had been released from work release just six weeks, and was on probation, when he committed the present offense.

[18] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

Bales has not shown that the trial court abused its sentencing discretion. The aggregate sentence imposed for Attempted Murder is not inappropriate. However, we remand to the trial court with instructions to vacate the $100.00 fine imposed as part of the habitual offender enhancement and to enter a sentencing order that shows Bales received a forty-year sentence, enhanced by thirty years, due to his status as a habitual offender, as opposed to consecutive sentences.

Affirmed and Remanded.

Vaidik, C.J., and Crone, J., concur.