**OPINION**



FILED

Sep 09 2016, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John S. Terry
Cate, Terry & Gookins, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin Todd Garner,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 9, 2016<br><br>Court of Appeals Case No.<br>29A04-1602-CR-361<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable William J. Hughes,<br>Judge<br><br>Trial Court Cause No.<br>29D03-1510-F6-9119 |

**May, Judge.**

[1] Dustin Todd Garner appeals his conviction of Level 6 felony battery with moderate bodily injury.[1] The sole issue he raises is whether the trial court abused its discretion when it declined to instruct the jury on the lesser included offense of battery with bodily injury as a Class A misdemeanor. We affirm.

## Facts and Procedural History

[2] On the morning of October 19, 2015, Patrick Knowles was walking to work when Garner, Mitch Randall, Taylor Meredith, and Matt Fisher approached him. Garner punched Knowles and broke his nose. Knowles twisted his ankle as he fell to the ground. Garner continued to hit Knowles for what seemed to Knowles "like forever." (Tr. at 143.) Garner "picked [Knowles'] head up and hit it against the concrete [and Knowles] could see the blood pooling from his nose." (*Id.*) Then, Garner and the others "walk[ed] back, it looked like to the apartments." (*Id.* at 144.)

[3] After his assailants left, Knowles "worked [himself] up to actually stand" and went to work. (*Id.* at 145.) However, once there, he started worrying the same men might attack his girlfriend. He called her but she did not answer. He did not call the police. He left work and started walking back towards his apartment, albeit by a slightly different route, "just in case." (*Id.* at 147.)

---

[1] Ind. Code § 35-42-2-1(b)(1) and Ind. Code § 35-42-2-1(d)(1) (2014). Ind. Code § 35-42-2-1(d)(1) is now Ind. Code 35-42-2-1(e)(1) (2016).

[4]     Garner, Randall, and Fisher reappeared. This time, Garner "just walked up, didn't say nothing [sic] . . . he hit [Knowles] way harder than the first [time and] knocked [him] down." (*Id.* at 150.) Garner hit Knowles in the back of the head, kicked him, and stomped on him. Garner finally "walk[ed] off fast." (*Id.* at 153.) Randall and Fisher remained momentarily. Fisher kicked Knowles in the back of the head, and then they left.

[5]     Knowles was dizzy and "lucky that [he] was conscious but everything [was] blurry." (*Id.*) He continued to his apartment but could "barely stand" when he got there. (*Id.*) His girlfriend called the police. The police called an ambulance. The ambulance transported Knowles to the hospital. Knowles' lip required stitches, and he had a "small fracture to [his] nose." (*Id.* at 155.) He was released later that same day, without pain medication. He testified the pain "was ten," (*id.* at 156), on a scale of one to ten, "with ten being the most excruciating pain you can imagine, 1 being mild annoyance." (*Id.*) He was having difficulty moving his mouth and was advised to eat only soft foods.

[6]     Based on Knowles' description and a police dog's tracking, the police located Garner and the other men involved in the altercation. When they located Garner, his mouth was bleeding and "there were abrasions to his hands." (*Id.* at 209.) Police arrested Garner and the State charged him with Level 6 felony battery resulting in moderate bodily injury. During a jail call, Garner was recorded saying "I broke both my hands on his face, fucking broke his face, split his lip wide the fuck open." (*Id.* at 332.)

[7] At trial Garner's attorney tendered a jury instruction for Class A misdemeanor battery resulting in bodily injury, as a lesser included offense of battery resulting in moderate injury. The State objected and the trial court sustained the objection, stating, "There is no basis in the world that a reasonable jury could find that there is not moderate bodily injury in this case as that is defined by law. Substantial pain. [sic]" (*Id.* at 359.) The jury found Garner guilty.

## Discussion and Decision

[8] The trial court did not abuse its discretion in declining to instruct the jury on battery resulting in bodily injury. A trial court should include an instruction regarding a lesser included offense if the lesser offense "may be established 'by proof of the same material elements or less than all the material elements' defining the crime charged," *Wright v. State,* 658 N.E.2d 563, 566 (Ind. 1995) (quoting Ind. Code § 35-41-1-16(1)), or "the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense," *id.* at 567, and the trial court finds a serious evidentiary dispute regarding an element that distinguishes the lesser offense from the greater offense. *Id.*

[9] The trial court determined there was no serious evidentiary dispute about the element that distinguishes the misdemeanor from the felony, the degree of injury Garner caused Knowles. Where the trial court has determined there is no serious evidentiary dispute, we treat that finding with deference and review it for an abuse of discretion. *McEwen v. State,* 695 N.E.2d 79, 84 (Ind. 1998). A

decision is an abuse of discretion when it "is clearly against the logic and effect of the facts and circumstances." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007).

[10] A "serious evidentiary dispute" exists if, based on "the evidence presented in the case by both parties," a "jury could conclude that the lesser offense was committed but not the greater." *Wright*, 658 N.E.2d at 567. Garner was charged with having inflicted "moderate bodily injury," which is "any impairment of physical condition that includes substantial pain." Ind. Code § 35-31.5-2-204.5 (2014). Garner's requested instruction was for battery resulting in "bodily injury," which is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29.

[11] No Indiana appellate court has heretofore considered when there is a serious evidentiary dispute about whether a victim experienced "pain" or "substantial pain."[2] There are presumably fact patterns under which a trial court might abuse its discretion by declining to instruct a jury about battery resulting in bodily injury as a lesser included offense, but we must affirm the trial court's decision in this case because the injuries Knowles received could have justified a charge of Level 5 felony battery resulting in *serious* bodily injury. *See* Ind. Code § 35-31.5-2-292 ("Serious bodily injury" defined); *see also, e.g., Dausch v. State*, 616 N.E.2d 13, 16 (Ind. 1993) (broken nose, stitches, and bruising satisfy

---

[2] The statutes criminalizing battery with moderate bodily injury and defining moderate bodily injury became effective in 2014.

criteria for "serious bodily injury"); *Phares v. State*, 506 N.E.2d 65, 69 (Ind. Ct. App. 1987) ("eight stitches . . . required to close the head wound . . . was sufficient to establish serious bodily injury").

[12] When he reached his apartment, Knowles could "barely stand," (Tr. at 153), his lip required stitches, and he had a "small fracture to [his] nose." (*Id.* at 155.) On seeing him, the police immediately called for an ambulance. It took "a good week" for the pain to subside. (*Id.* at 160.) Knowles testified the pain "was ten," (*id.* at 156), on a scale of one to ten, "with ten being the most excruciating pain you can imagine, 1 being mild annoyance." (*Id*. at 155.) In addition to Knowles' testimony about his injuries, several police officers testified as to the extent of Knowles' injuries and the State introduced photographs of Knowles' injuries that corroborated the testimony.

[13] The State entered evidence that Garner, on a call recorded from the jail, stated he had "broken both [his] hands on [Knowles'] face, fucking broke [Knowles'] face, split [Knowles'] lip wide the fuck open." (*Id.* at 332.) Garner did not present evidence that the injuries he inflicted on Knowles would have caused only "physical pain" rather than "substantial pain." *Compare* Ind. Code § 35-31.5-2-204.5 (defining "moderate bodily injury") *with* Ind. Code § 35-31.5-2-29 (defining "bodily injury").

[14] In light of these facts, there was no serious evidentiary dispute about whether Knowles experienced substantial pain following the battery. Therefore, the trial

court did not abuse its discretion when it declined to give the proposed jury instruction.

# Conclusion

[15] As the trial court did not abuse its discretion by declining Garner's tendered instruction on a lesser included offense, we affirm.

[16] Affirmed.

Kirsch, J., and Crone, J., concur.