**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 28 2013, 6:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. LEMON**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHRISTOPHER GROSS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 75A04-1210-CR-647 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause No. 75C01-1204-FD-75

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Christopher Gross appeals his sentence of thirty months incarceration that was imposed following his conviction for Class D felony possession of a controlled substance. Gross argues that the trial court abused its discretion by failing to consider his guilty plea and history of substance abuse as mitigating factors. Finding that these facts are not significantly mitigating, we determine Gross's claim to be without merit. Gross further argues that his sentence is inappropriate in light of the nature of his offense and his character. Concluding that Gross's sentence is not inappropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2013, Officer Jeremiah Patrick and Detective Rob Olejniczak of the Starke County Sherriff's Department stopped a vehicle for failure to use a turn signal. Gross was riding in the passenger seat. While conducting the traffic stop, the officers noticed that both Gross and the driver of the vehicle were visibly nervous and shaking. Suspecting criminal activity, the officers asked for and received the driver's consent to search the vehicle. During the course of the search, the officers found a bag of crushed pseudoephedrine tablets; a cotton ball that tested positive for methamphetamine; and a white pill on the passenger seat, where Gross had been sitting. Gross identified the pill as a twenty-five milligram Xanax tablet. Gross then consented to a search of his person, which resulted in the officers' discovery of a syringe in Gross's front shirt pocket.

Gross was charged with Count I, unlawful possession of a syringe, and Count II, possession of a controlled substance, both Class D felonies. Given his history of substance abuse, Gross was granted pretrial release to undergo rehabilitation. His

release, however, was revoked after he was observed drinking alcohol. As a result of this violation, the trial court set a deadline for the parties to file a plea agreement that did not include home detention or community-based rehabilitation. The deadline expired with no agreement, and Gross's case was set for trial.

Twelve days before his trial was set to begin, Gross decided to plead guilty to Count II in exchange for the State's dismissal of Count I and a recommended sentence of twelve months executed and twelve months stayed per completion of substance abuse rehabilitation. The trial court, however, sentenced Gross to thirty months of incarceration. In its sentencing statement, the court found Gross's violation of his pretrial release and his criminal history to be aggravating factors. The trial court also advised Gross that if he completed a drug treatment program while incarcerated, he could petition to have his sentence modified.

## DISCUSSION AND DECISION

### I. Abuse of Discretion

Gross argues that the trial court abused its discretion in sentencing him to thirty months of incarceration. A trial court abuses its discretion if (1) it fails to enter a sentencing statement at all; (2) it enters a sentencing statement that explains the reasons for a sentence, including aggravating and mitigating factors, but the record does not support those reasons; (3) it enters a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or (4) it considers reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007).

3

Gross contends the trial court did not consider his guilty plea and history of substance abuse as mitigating factors. "The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009) (quoting *Ellis v. State*, 736 N.E.2d 731, 736 (Ind. 2000)). "[T]he trial court is not obligated to explain why it did not find a factor to be significantly mitigating," it simply "may 'not ignore facts in the record that would mitigate an offense[.]'" *Id.* (quoting *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001)). A court's "'failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.'" *Id.* (quoting *Sherwood*, 749 N.E.2d at 38). "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* (quoting *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999)).

With respect to his guilty plea, we conclude that Gross has failed to satisfy his burden. "[N]ot every plea of guilty is a significant mitigating circumstance that must be credited by a trial court." *Trueblood v. State*, 715 N.E.2d 1242, 1257 (Ind. 1999). "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility … or when the defendant receives a substantial benefit in return for the plea." *Anglemyer*, 875 N.E.2d at 221 (citing *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999)). Here, the record shows that Gross failed to "come up with any plea agreement" by the court's deadline and, as a result, "h[ad] to go to trial." Tr. p. 16. It was not until twelve days before trial that Gross agreed to plead guilty.

4

Furthermore, Gross pled guilty in exchange for the State's dismissal of Count I and a recommended sentence that was beneficial to Gross. These facts indicate pragmatism rather than remorse.

Gross has also failed to persuade us that his history of substance abuse is significantly mitigating. Gross admits to having abused marijuana, alcohol, cocaine, methamphetamine, stimulants, hallucinogens, and depressants since his early adolescence. Yet Gross has not completed a rehabilitation program. Where a defendant is aware of a chemical dependency and chooses not to seek help, the failure to seek help can be considered an aggravating factor. *See Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011), *trans. denied*; *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004); *Bennett v. State*, 787 N.E.2d 938, 948 (Ind. Ct. App. 2003). Furthermore, Gross was given a chance at rehabilitation during his pretrial release, which he violated by drinking alcohol. The trial court did not abuse its discretion in not considering Gross's guilty plea and history of substance abuse as mitigating factors.

## II. Appropriateness of Sentence

Gross also argues that his thirty-month sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that this court may revise a statutorily authorized sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The appropriateness of a sentence "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v.*

5

*State*, 895 N.E.2d 1219, 1222 (Ind. 2008). In evaluating the appropriateness of a sentence, the issue is not if a different sentence would be more appropriate but if the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With regard to the nature of Gross's offense, the record reveals that Gross was found in possession of a twenty-five milligram Xanax tablet. While this offense alone is not particularly egregious, when viewed in light of Gross's character, we cannot say that his thirty-month sentence is inappropriate. Gross's criminal history is significant. Notwithstanding his juvenile record, Gross has been convicted of Class D felony theft, Class D felony non-support of a dependent child, Class A misdemeanor resisting law enforcement, and Class C misdemeanor operating a motor vehicle while intoxicated. Additionally, Gross has been charged with Class D felony criminal recklessness with a deadly weapon, Class D felony residential entry, Class D felony unlawful possession of a syringe, Class A misdemeanor battery resulting in bodily injury, and Class A misdemeanor illegal storage/transportation of anhydrous ammonia.

Moreover, during the arrest in the instant offense, the officers found crushed pseudoephedrine tablets and a cotton swab that tested positive for methamphetamine in the vehicle in which Gross was riding. Gross was also apprehended en route to a property known by the arresting officers to be a location where methamphetamine trash was located. Further, after being granted pretrial release so that he could undergo substance abuse rehabilitation, Gross was found consuming alcohol, and his release was

6

revoked. We must agree with the trial court that Gross "has had ample opportunity to change his behavior and become a productive member of society and has chosen not to." Tr. p. 16. His thirty-month sentence, therefore, was not inappropriate.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.