**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CAMERON WOOD,                         )
                                         )
    Appellant-Defendant,              )
                                         )
        vs.                               )   No.  34A02-1311-CR-953
                                         )
STATE OF INDIANA,                     )
                                         )
    Appellee-Plaintiff.               )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1212-FB-332

**September 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Cameron Wood ("Wood") challenges the sentences imposed upon his convictions for Rape, as a Class B felony,[1] Child Molesting, as a Class B felony,[2] Criminal Confinement, as a Class C felony,[3] and Sexual Battery, as a Class D felony.[4] We affirm the sentences imposed for the Rape and Criminal Confinement convictions and remand to the trial court to vacate the convictions and sentences for Child Molesting and Sexual Battery.

**Issues**

Wood presents two issues for review:

I. Whether the trial court abused its sentencing discretion by ignoring mitigating circumstances; and

II. Whether his sentence is inappropriate.

We raise, sua sponte, the issue of whether Wood's multiple convictions for a single act each of sexual intercourse and confinement violate the double jeopardy provisions of the Indiana Constitution.

**Facts and Procedural History**

On December 22, 2012, thirteen-year-old B.C. was visiting in her grandmother's home. B.C.'s cousin, seventeen-year-old Wood, who lived with the grandmother, was also present. After conversing with her grandmother for a while, B.C. went to use the bathroom

---

[1] Ind. Code § 35-42-4-1 (2012). The offense of Rape is now a Level 3 or Level 1 felony.

[2] I.C. § 35-42-4-3 (2012). The offense of Child Molesting is now a Level 4, Level 2, or Level 1 felony.

[3] I.C. § 35-42-3-3 (2012). The offense of Criminal Confinement is now a Level 6, Level 5, Level 3, or Level 2 felony.

[4] I.C. § 35-42-4-8 (2012). The offense of Sexual Battery is now a Level 6 or Level 4 felony.

at the back of the house. When B.C. exited the bathroom, Wood was waiting for her and asked her to come into his bedroom.

Wood asked B.C. if she would have sex with him; B.C. refused. Wood then closed the bedroom door, placed his hand over B.C.'s mouth, and began to remove her clothes. Wood pushed B.C. onto the bed and attempted penetration of her vagina with his penis. B.C. was able to briefly escape Wood and run for the door; however, Wood grabbed her and pushed her into a dresser. Wood then maneuvered B.C. onto the floor. B.C. felt "[Wood's] penis on [her] vagina like trying to get in" and "felt it pushing in."[5] (Tr. 156.) B.C.'s grandmother, who was hard of hearing, was unable to hear B.C.'s cries.

The next day, B.C. reported the attack to her mother, who summoned police. On August 27, 2013, Wood was brought to trial on charges of Rape, Child Molesting, Criminal Confinement, and Sexual Battery. A jury convicted him as charged. On October 15, 2013, the trial court imposed a sentence of twelve years for Rape, twelve years for Child Molesting, six years for Criminal Confinement, and two years for Sexual Battery. All sentences were to be served concurrently, with two years suspended to supervised probation. This appeal ensued.

**Discussion and Decision**

<u>Double Jeopardy</u>

---

[5] B.C. testified: "I'm not sure if it went all the way in my vagina but I'm sure that he commenced with touching my vagina, trying to like get in." (Tr. 181.) We observe that proof of penetration of external genitalia, or vulva, is sufficient to support an unlawful sexual intercourse conviction. See e.g., Short v. State, 564 N.E.2d 553, 559 (Ind. Ct. App. 1991) (observing that, "proof of the slightest penetration is sufficient.")

3

The double jeopardy clause of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. Our Indiana Supreme Court has held that two or more offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

Aside from the constitutional actual evidence test, our Indiana Supreme Court has identified five common law or statutory double jeopardy categories: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished, (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished, (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished, and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002).

4

The second category is implicated here. The State alleged in Count I that Wood committed Rape when he "did knowingly or intentionally have sexual intercourse with … B.C. when such person was compelled by force, to wit: physically restraining B.C.'s movement[.]" (App. 16.) Count II alleged that Wood committed Criminal Confinement when he confined B.C. without her consent. Count III alleged that Wood committed Sexual Battery when he "with the intent to arouse or satisfy the sexual desires of Cameron Wood, did compel B.C. to submit to a touching by force or imminent threat of force, to wit: physically restraining B.C.'s movement." (App. 18.) Count IV alleged that Wood committed Child Molesting when he "did perform or submit to sexual intercourse or deviate sexual conduct with B.C., a child under the age of fourteen years[.]" (App. 34.)

The State presented evidence to establish that Wood, using force, engaged in sexual intercourse with B.C., as alleged in Count I.[6] The State also presented evidence that Wood confined B.C. by restraining her when she attempted to leave his room.[7] However, the State did not establish that Wood engaged in a separate act that constituted Sexual Battery or Child Molesting. As these convictions do not rest upon independent facts, the multiple convictions cannot stand. Where there are multiple convictions violating double jeopardy principles and where neither can be reduced to a lesser included offense, then the convictions with the less severe penal consequences must be vacated. See Richardson, 717 N.E.2d at 54-55. We

---

[6] Pursuant to Indiana Code section 35-42-4-1(b), a person who knowingly or intentionally has sexual intercourse with another person when it is committed by using or threatening the use of force commits Rape. "Sexual intercourse" is defined in Indiana Code section 35-31.5-2-302 as "an act that includes any penetration of the female sex organ by the male sex organ."

[7] Pursuant to Indiana Code section 35-42-3-3, a person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement.

therefore direct the trial court to vacate the Child Molesting and Sexual Battery convictions and sentences.

## Sentencing

### Abuse of Discretion – Mitigating Circumstances

Wood presents two sentencing challenges, first arguing that the trial court abused its discretion by failing to consider appropriate mitigating circumstances, and second arguing that his sentence is inappropriate.

Upon conviction of a Class B felony, Wood faced a sentencing range of between six and twenty years, with ten years as the advisory term. I.C. § 35-50-2-5. Upon conviction of a Class C felony, he faced a sentencing range of between two and eight years, with four years as the advisory term. I.C. § 35-50-2-6.

Wood received an aggregate sentence of twelve years, with two years suspended. In imposing this sentence, the trial court found the following circumstances to be aggravating: Wood's juvenile history, expulsions and suspensions from high school, misconduct while at the Kinsey Center (a juvenile facility), violation of the no-contact order, multiple disciplinary sanctions while incarcerated for the instant offenses, and the nature of the crimes. No mitigating circumstances were found.

Wood now argues that the trial court abused its sentencing discretion by failing to recognize mitigating factors, specifically: "Wood's age, no prior adult convictions, only two prior juvenile adjudications, a fractured family history, a dependent child, earning a GED at age seventeen, and no use of alcohol or drugs." Appellant's Brief at 5.

6

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. Id. at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491.

The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id. A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007).

An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. Anglemyer II, 875 N.E.2d at 220-21. The trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. Sherwood v. State, 749 N.E.2d 36, 38 (Ind. 2001).

At the sentencing hearing, defense counsel urged the trial court to find that Wood's youthfulness and lack of adult criminal history were mitigating factors. "Age is neither a

7

statutory nor a per se mitigating factor." Sensback v. State, 720 N.E.2d 1160, 1164 (Ind. 1999). Accordingly, the trial court did not abuse its discretion by declining to find Wood's age to be mitigating. As for the fact that this is Wood's first adult criminal offense, we fail to see how this is mitigating. He had not yet attained adulthood and did, in fact, have a history of juvenile adjudications.

Wood did not present argument or evidence on the remaining circumstances he now identifies as mitigating. The trial court will not be found to have abused its discretion by failing to find mitigators not advanced for consideration.

Appropriateness of Sentence

The authority granted to this Court by Article 7, Section 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Indiana Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" Anglemyer, 868 N.E.2d at 494 (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

8

As for the nature of the offense, Wood confined and raped his thirteen-year-old cousin. He did so at the home of their elderly and infirm grandmother. As B.C. cried out to her grandmother in vain, Wood covered B.C.'s mouth and restrained her. Wood pushed B.C. into furniture, causing additional physical injury to her. After the rape, Wood threatened B.C. that she "better not have told anyone." (Tr. 158.)

As to the character of the offender, Wood has a history of seven juvenile arrests and two juvenile adjudications. He has thrice violated probation and was on probation when he raped B.C. While detained at the Kinsey Center, Wood struck another resident with a basketball, and his repetitive profanity, refusal to follow instructions, and disruptive behavior resulted in his removal from the on-site school. After being arrested for the instant offenses, Wood violated a no-contact order by appearing at B.C.'s school. While incarcerated, he has incurred eight incident reports resulting in disciplinary actions.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate aggregate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

**Conclusion**

Wood's convictions and sentences for Child Molesting and Sexual Battery must be vacated to obviate double jeopardy violations. With respect to the sentences for Rape and Criminal Confinement, Wood has not shown that the trial court abused its sentencing

9

discretion or that his twelve-year aggregate sentence, with two years suspended, is inappropriate.

Affirmed in part, reversed in part, and remanded with instructions.

NAJAM, J., and PYLE, J., concur.