## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2016, 10:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles Alan Keel,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 24, 2016<br><br>Court of Appeals Case No.<br>45A03-1601-CR-153<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Salvador Vasquez, Judge<br><br>Trial Court Cause No.<br>45G01-1503-F5-13 |

**Baker, Judge.**

[1] Charles Keel appeals his conviction for Level 5 Felony Sexual Misconduct with a Minor and his four-year sentence imposed by the trial court.[1] Keel argues that the trial court erred by admitting certain evidence and by failing to find certain mitigators, and that Keel's sentence was inappropriate in light of the nature of the offense and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] On February 27, 2015, fifteen-year-old K.S. and her two younger sisters were staying overnight with her cousin, Kathleen Spargo, in Spargo's trailer. Keel and Spargo were in a romantic relationship and had a baby together. The night of February 27, Keel and the baby were also in the trailer.

[3] The trailer had two bedrooms. Spargo slept in one bedroom, and the baby and K.S.'s youngest sister slept in the other. K.S. and her other sister slept in the living room, with K.S. on one side of the couch and her sister on the floor. Keel was on the other side of the couch. K.S. watched television until she fell asleep. She was awakened in the middle of the night when she felt a hand inside of her pants, on her vagina. She did not see whose hand it was. When she moved and closed her legs, she felt the waistband of her leggings snap back

---

[1] Ind. Code § 35-42-4-9(b)(1).

on her stomach. K.S. did not say anything and pretended to stay asleep. She then turned to her side. After a couple minutes, she felt a hand on her buttocks.

[4] K.S. then sat up and said that she had to use the bathroom. She asked Keel whether anyone else was awake, and he said no. She went to the bathroom, where she locked herself in and started crying. K.S. then went to Spargo's bedroom and asked Spargo whether she could use Spargo's phone. K.S. took the phone back to the bathroom, where she locked herself in again, and called her father. She told her father that she needed him to come get her immediately. She told him that she was at Spargo's house and that Keel had touched her. K.S.'s father could hear that K.S. was panicky on the phone.

[5] K.S.'s father called K.S.'s grandmother and told her that K.S. needed to be picked up because he did not know Spargo's address, but the grandmother did. K.S.'s father also called 911. The police told him to meet them at a nearby gas station. When K.S.'s grandmother arrived at the trailer, she entered and yelled for K.S. K.S. left the bathroom. Her grandmother gathered the children and took them to her car. Keel yelled obscenities at her. K.S.'s grandmother drove the children to meet their father and the police at the gas station.

[6] On March 2, 2015, the State charged Keel with Level 5 felony sexual misconduct with a minor. Following Keel's November 23 and 24, 2015, jury trial, the jury found him guilty as charged. On December 16, 2015, the trial court sentenced Keel to four years of incarceration. Keel now appeals.

# Discussion and Decision

# I. Admission of Evidence

[7] Keel first argues that evidence relating to the effects of his crime on K.S. should not have been admitted. A trial court has broad leeway regarding the admission of evidence. *Smith v. State*, 889 N.E.2d 836, 839 (Ind. Ct. App. 2008). We will reverse only if the decision is clearly against the logic and effect of the facts before the trial court. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010).

[8] Indiana Evidence Rule 402 provides that relevant evidence is generally admissible and irrelevant evidence not admissible. Under Indiana Evidence Rule 401, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

[9] Here, Keel objected to testimony from K.S.'s father and grandmother about how K.S.'s behavior changed following the incident, arguing that their testimony generated sympathy for K.S. but "did not make it more or less likely that the offense had occurred." Appellant Br. p. 7. We disagree; the trial court could have reasonably found that the changes in K.S.'s behavior after her visit to Spargo's trailer had at least some tendency to make it more probable that an incident happened there. In other words, the trial court did not err by finding that the evidence was relevant.

[10] Keel further argues that even if the evidence was relevant, the trial court should not have admitted it because it was unfairly prejudicial.[2] Specifically, Keel argues that the testimony at issue aroused the jury's sympathy for the victim and allowed the jury to convict Keel based on that sympathy.

[11] Under Indiana Evidence Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" The trial court uses its discretion when evaluating whether to admit or exclude the evidence, and it looks for danger that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the jury's passions or sympathies. *Duvall v. State*, 978 N.E.2d 417, 428 (Ind. Ct. App. 2012).

[12] Here, we find that the probative value of the testimony regarding K.S.'s changed behavior is not substantially outweighed by the danger of unfair prejudice. The probative value of the father's and grandmother's testimony was significant in that it corroborated K.S.'s testimony about Keel's criminal act. Although the testimony might have aroused additional sympathy from the jury, we find that any such sympathy would be only slightly greater than what the jury may already have had for a teenager who testified about her own scared reaction to the incident. Therefore, we find that the probative value of this

---

[2] The State argues that Keel waived this argument because his objections at trial did not specifically mention the allegedly prejudicial nature of the evidence. We decline to resolve this issue on the basis of waiver.

evidence is not substantially outweighed by any prejudicial effect and that the trial court did not err by admitting it.

## II. Mitigating Factors

Keel next argues that the trial court erred by declining to find his gainful employment and any possible hardship to his four children as mitigating factors. Sentencing lies within the discretion of the trial court. A trial court may impose any sentence authorized by statute and must provide a sentencing statement that gives a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). If a defendant alleges that the trial court failed to find a mitigating factor, the defendant must establish that the mitigating evidence is significant and clearly supported by the record. *Id.* The trial court is not required to accept a defendant's arguments as to what constitutes a mitigating factor, nor is it required to explain why it did not find a factor to be mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001); *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007).

Keel asserts that his role as the sole financial supporter for his children and the undue hardship they would face because of his incarceration are clearly supported by the record. We disagree. Although Keel stated that he was gainfully and steadily employed, employment is not necessarily a significant mitigating factor. *See Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003) ("Many people are gainfully employed such that this would not require

the trial court to note it as a mitigating factor[.]").  Keel also did not present evidence on how he financially supported his children, nor did he present evidence as to whether they lived with him.  Rather, he stated that although he was not ordered to pay child support to his spouse, he still tried to "help out" when he could.  Tr. p. 243.  He failed to explain how his children would suffer undue hardship because of his incarceration or how the advisory sentence of three years would bring a lesser risk of undue hardship to his children than the four-year sentence actually imposed.  *See Battles v. State*, 688 N.E.2d 1230, 1237 (Ind. Ct. App. 1997) (holding that the difference between advisory and imposed sentences do not necessarily create additional hardships on children).  Under these circumstances, we find no error in the trial court's decision not to find these mitigators.

## III.  Appropriateness

Keel also argues, pursuant to Indiana Appellate Rule 7(B), that the four-year sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.  Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ."  *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

Keel was convicted of a Level 5 felony, for which he faced a sentence of one to six years, with an advisory term of three years. Ind. Code § 35-50-2-6. Keel received a four-year sentence.

As for the nature of Keel's offense, the record demonstrates that Keel touched K.S. inappropriately while she was asleep on the couch. At the time, Keel was thirty-two years old and K.S. was fifteen years old. K.S. was staying at her cousin's trailer for the night, where she felt safe, and Keel violated the trust that he had as an adult in a position to care for K.S. and her sisters. Keel argues that there is no "evidence of penetration or any physical injury of any sort to justify a greater sentence," appellant's br. p. 10, but such an argument minimizes the impact his actions had on the victim. Following the incident, K.S.'s behavior changed; she withdrew from her family, struggled in school, became less trustful, and started to see a therapist.

With respect to Keel's character, the record demonstrates that Keel has a criminal history consisting of four misdemeanor convictions. Keel argues that the remorse he expressed at his sentencing hearing is a substantial mitigating circumstance, but it is apparent that Keel's apology was self-serving because it was immediately followed by his plea for a lenient sentence. Tr. p. 247. The trial court was not required to find him remorseful or, if it did, it was not required to find him sufficiently remorseful to reflect positively on his character or warrant a more lenient sentence. *Chambliss v. State*, 746 N.E.2d 73, 79 (Ind. 2001). The trial court was in the best position to observe Keel's demeanor and determine whether his remorse was genuine; it found that his character is highly

manipulative and dishonest. In sum, we find that the four-year sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Keel's character.

[19] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.