## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2016, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ethan Gee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 29, 2016

Court of Appeals Case No.
27A02-1510-CR-1699

Appeal from the Grant Superior Court

The Honorable Dana Kenworthy, Judge

Trial Court Cause No.
27D02-1306-FA-12

**Bailey, Judge.**

# Case Summary

Ethan Gee ("Gee") appeals the denial of his motion to withdraw his plea of guilty to two counts of Child Molesting, one as a Class A felony and one as a Class C felony.[1]  He also challenges his thirty-six year aggregate sentence.  We affirm.

# Issues

Gee presents two issues for review:

I.  Whether the trial court was required to permit the withdrawal of Gee's guilty plea; and

II.  Whether the trial court abused its sentencing discretion by ignoring significant mitigating circumstances.

# Facts and Procedural History

In June of 2013, Gee worked at a carnival in Grant County, Indiana, where thirteen-year-old H.M. was a patron.  Gee fondled H.M. and engaged in sexual intercourse with her.  On June 19, 2013, the State charged Gee with two counts of Child Molesting.

After some changes of court-appointed attorneys, a competency examination, a determination that Gee was competent to stand trial, and failed plea

---

[1] Ind. Code § 35-42-4-3.

negotiations, Gee appeared for a jury trial on June 23, 2015. As the jury was being impaneled, Gee notified the trial court that he wished to plead guilty but mentally ill to the charges against him. Sentencing was left to the discretion of the trial court, with the proviso that the sentences be concurrent. Gee entered his plea, a factual basis was established, and sentencing was deferred pending compilation of a presentence investigation report.

[5] On August 10, 2015, Gee's attorney requested that the trial court appoint a different public defender for the purpose of representing Gee in a motion to withdraw his guilty plea. The trial court granted the motion. On September 15, 2015, Gee's successor counsel filed a Verified Petition to Withdraw Plea of Guilty. In the motion, Gee stated that he had a valid defense to the charges, that is, he reasonably believed the victim to be of the age of consent. He also asserted that he suffered from mental illness, had difficulty comprehending information and making appropriate decisions, was confused regarding the benefit to be derived from a guilty plea, "felt the pressure of the looming jury selection," and lacked adequate time to "thoughtfully think through the issues." (App. at 36.)

[6] On September 21, 2015, the trial court conducted a hearing on the motion for withdrawal and took the matter under advisement. On September 23, 2015, the trial court denied the petition for withdrawal. On October 5, 2015, the trial court conducted a sentencing hearing and sentenced Gee to thirty-six years imprisonment, with six years suspended to probation, for Class A felony Child

Molesting. Gee received a concurrent eight-year sentence for Class C felony Child Molesting. This appeal ensued.

# Discussion and Decision

## Withdrawal of Guilty Plea

[7] Indiana Code Section 35-35-1-4(b) governs motions to withdraw guilty pleas after a defendant pleads guilty but before a sentence is imposed. The trial court must grant a verified written motion to withdraw a guilty plea if the defendant proves it is "necessary to correct a manifest injustice." *Id.* On the other hand, the motion to withdraw the plea should be denied if the plea's withdrawal would substantially prejudice the State. *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*

[8] A trial court's ruling on a motion to withdraw a guilty plea "arrives in this court with a presumption in favor of the ruling." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). We reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion in denying a motion for withdrawal, we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered "freely and knowingly." *Id.*

[9] As to the voluntariness of Gee's plea, the record of the guilty plea hearing includes the following exchange between Gee and his counsel in open court:

Defense Counsel:  through our discussions over the past weeks and particularly this morning, you've indicated, after discussing all your options, that it's your intention to plead guilty but mentally ill to both charges here today.  Is that correct?

Gee:  Yes.

Defense Counsel:  Okay.  The Judge will advise, and have you had an opportunity to discuss your options with me, basically your options at this point are to proceed to trial today or to do what we're set to do here which is to enter the plea.

Gee:  Enter the plea.

Defense Counsel:  And your choice is to enter the plea?

Gee:  Yes.

Defense Counsel:  Any, any questions or any information that you're unsure of or have I given you the information and answered your questions sufficiently to, to allow you to make the decision?

Gee:  Yes.

Defense Counsel:  And I know it's a tough decision, we've had significant conversations, haven't we?

Gee:  Yes.

(Tr. at 5-6.)  Gee then denied that he was under the influence of any medication, drugs, or alcohol.  He denied that he had a disability that would

affect his understanding of the proceedings. However, he subsequently testified that he had been diagnosed and treated for mental illness, and that it affected his understanding "a little bit." (Tr. at 8.) Defense counsel then offered his "lay opinion" to the trial court that Gee had been able to "appreciate" explanations in the past. (Tr. at 9.)

Gee was advised of his giving up certain constitutional rights by pleading guilty but mentally ill, and he stated that he understood that process. An exchange between the trial court and Gee then took place:

> Court: Mr. Gee, has anyone made any promises to you today to get, or any other day, to get you to plead guilty but mentally ill here this morning?
>
> Gee: No.
>
> Court: Is anyone forcing you or threatening you to get you to do so against your free will?
>
> Gee: No.
>
> Court: And at this point do you feel you've had adequate opportunity to talk with Mr. Persinger and come to that decision this morning?
>
> Gee: Yes.
>
> Court: Okay. Have you been satisfied with Mr. Persinger's service in this case?

Gee: Yes.

Court: Okay. Is it your intention at this time, Mr. Gee, to plead guilty but mentally ill to counts one and two?

Gee: Yes.

(Tr. at 13.) As such, the transcript of the guilty plea hearing does not support Gee's claims that he was confused or lacked adequate time to make his decision. Moreover, at the hearing on his motion for withdrawal, Gee acknowledged that two examining psychologists had found him capable of understanding court proceedings despite mental health diagnoses. He further testified that he was aware of his potential defense "since the day [he was] arrested," and had discussed it with one prior attorney, who opined "it wasn't good to go to trial." (Tr. at 38-39.) The record supports a determination that Gee's guilty plea was offered freely and knowingly. The trial court did not abuse its discretion by denying the petition for withdrawal.

## Mitigating Circumstances

[11] Upon pleading guilty to a Class A felony, Gee faced a sentencing range of between twenty and fifty years, with thirty years as the advisory sentence.[2] I.C. § 35-50-2-4. In imposing a sentence of thirty-six years, the trial court found Gee's criminal history to be an aggravator and his likely response to short-term

---

[2] By agreement with the State, his Class C felony sentence was to be a concurrent sentence.

incarceration to be a mitigator. According to Gee, the trial court should have also recognized his decision to plead guilty and his mental illness as mitigating circumstances.

[12] "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007) (*Anglemyer II*). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

[13] The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. *Id.* A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind. 2007).

[14] An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant.

*Anglemyer II*, 875 N.E.2d at 220-21. The trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001).

[15] Gee decided to plead guilty but mentally ill, which demonstrates acceptance of responsibility for his crimes and at least partially confirms the mitigating evidence regarding his character. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005). Although a trial court should be "inherently aware of the fact that a guilty plea is a mitigating circumstance," a guilty plea is not always a significant mitigating circumstance. *Francis v. State*, 817 N.E.2d 235, 237 n.2 (Ind. 2004). Here, Gee already received a significant benefit in exchange for his guilty plea, in that the sentences were to run concurrently and Gee was not to be designated a credit-restricted felon.

[16] Where a trial court finds a defendant suffers from a long-standing and severe mental illness, the court may decide to recognize the defendant's mental illness as a significant mitigating factor. *Archer v. State*, 689 N.E.2d 678, 685 (Ind. 1997). On the other hand, where the mental illness is less severe or where the nexus between the defendant's mental illness and the commission of the crime is less clear, the court may determine that the mental illness warrants little or no mitigating weight. *Id.* Gee had been diagnosed with a personality disorder with anti-social, depressed, and schizotypal features, poly-substance dependence, and intermittent explosive disorder. However, he did not present evidence to show a nexus between his mental illness and his crimes. The trial court will not be found to have abused its discretion by failing to find a

mitigator not clearly advanced for consideration. *Anglemyer II*, 875 N.E.2d at 221.

# Conclusion

Gee has not shown that the trial court abused its discretion by refusing to allow the withdrawal of his guilty plea, nor has Gee shown that the trial court abused its sentencing discretion.

Affirmed.

Riley, J., and Barnes, J., concur.