## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 11:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul M. Blanton
Blanton & Pierce, LLC
Paoli, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Angelo Biondi,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 28, 2018<br><br>Court of Appeals Case No.<br>59A04-1710-CR-2485<br><br>Appeal from the Orange Superior Court<br><br>The Honorable R. Michael Cloud, Judge<br><br>Trial Court Cause No.<br>59D01-1605-F6-566 |

**Bradford, Judge.**

# Case Summary

[1] After pleading guilty to Level 6 felony voyeurism, Appellant-Defendant Joseph Angelo Biondi was sentenced to a two-year term of incarceration. Biondi challenges his sentence on appeal, arguing that it is inappropriate because the trial court failed to consider certain proffered mitigating factors. We affirm.

# Facts and Procedural History

[2] On February 1, 2016, then-thirty-year-old Biondi was caught looking through a window into the bedroom of a seventeen-year-old girl. On May 18, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Biondi with Level 6 felony voyeurism. The State also indicated that it intended to seek an enhanced penalty due to the fact that Biondi had a prior voyeurism conviction.

[3] On August 28, 2017, two days before his trial was scheduled to begin, Biondi entered into a plea agreement. Under the terms of this agreement, Biondi agreed to plead guilty to Level 6 felony voyeurism with a prior conviction and the State agreed that his sentence would be capped at two years. The trial court conducted a hearing on Biondi's plea, after which it took the matter under advisement.

[4] The trial court conducted a second hearing on the matter on October 2, 2017. During this hearing, the victim's father testified that on the morning of February 1, 2016, he had stepped out on his front porch when he noticed Biondi looking through a window into his daughter's bedroom. At the time, his

daughter had "just got done taking a shower or bath" and was "preparing to go to school." Tr. Vol. II, p. 47. When he yelled, Biondi "took off." Tr. Vol. II, p. 48. The victim's father indicated that the incident has had a significant impact on the victim. For instance, following the incident, the victim would not sleep in her bedroom for eight months. The victim felt embarrassed and ashamed. She was also concerned that Biondi had taken pictures of her as she was getting ready. Even as of the date of October 2, 2017 hearing, the victim remained afraid both of Biondi and to go out in the dark.

[5] Paoli Police Officer Brandon Mesarosh testified that, on the date in question, police were able to collect a DNA sample from seminal fluid recovered from the window area outside the victim's bedroom. It was subsequently determined that the DNA sample matched a previous DNA sample provided by Biondi. After obtaining an arrest and a search warrant, Officer Mesarosh arrested, interviewed, and collected a new DNA sample from Biondi. Biondi indicated that he "had no explanation of how" his seminal fluid would have gotten on the window outside the victim's bedroom. Tr. Vol. II, p. 44. Testing revealed that the DNA sample taken from Biondi following his arrest matched the sample obtained from the victim's home.

[6] Following the presentation of evidence, the trial court accepted Biondi's plea and entered a judgment of conviction against Biondi for Level 6 felony voyeurism. After considering the aggravating and mitigating factors presented by the parties, the trial court sentenced Biondi to a two-year term of incarceration.

# Discussion and Decision

[7] While Biondi couches his argument on appeal as a single issue, review of Biondi's appellate brief indicates that he is arguing both that the trial court abused its discretion in sentencing him and that his two-year sentence is inappropriate.

## I. Abuse of Discretion

[8] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted). One way in which a trial court may abuse its discretion is omitting mitigating factors "that are clearly supported by the record and advanced for consideration." *Id.* at 491.

### A. Mitigating Factors

[9] Although a sentencing court must consider all evidence of mitigating factors offered by a defendant, the finding of mitigating factors rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). A trial court is neither required to find the presence of mitigating factors, *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993), nor obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind.

2001). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Henderson*, 769 N.E.2d at 179 (internal quotations omitted). Furthermore, an allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

[10] Biondi argues that the trial court abused its discretion by ignoring the following mitigating factors: (1) the undue hardship incarceration will have on his family, specifically his mother; (2) his status as one who is a low-risk to reoffend; (3) his efforts to rehabilitate himself by seeking treatment; (4) that he had led a law-abiding life in the years preceding this incident; and (5) that he has previously responded well to probation. Review of the record, however, demonstrates that the trial court did not ignore these factors, rather that it specifically did not find them to be worthy of mitigating weight. This is evidenced by the trial court's sentencing order which stated the following:

> Although the defendant has urged the Court to find several additional mitigating circumstances herein, the Court declines to do so because the evidence indicates that the defendant is not unlikely to commit another crime, that the defendant did not lead a law abiding life for a substantial period before commission of this crime, that the defendant is not likely to respond affirmatively to probation or short-term imprisonment, that the crime herein was not the result of circumstances unlikely to reoccur, that despite the defendant's offer to make restitution to the victim herein there is no restitution to be made, and that imprisonment of the defendant will not result in undue hardship

> to the defendant or the defendant's dependents (the dependent
> has no children or spouse to support, and is unemployed).

Appellant's App. Vol. II–Confidential, p. 6.

[11] We agree with the trial court's determination that the proffered mitigating factors were not clearly supported by the record. Biondi's criminal history includes multiple prior convictions for voyeurism, the crime at issue in this case. Since 2009, Biondi has been convicted of three separate counts of voyeurism, with each count having a different victim. Biondi's claim that he wishes to refrain from such behavior in the future does not convince us that it is likely that he will do so. In addition, while Biondi has previously completed terms of probation and short-term incarceration, these prior attempts at rehabilitation were unsuccessful as they did not convince Biondi to refrain from engaging in future criminal behavior. Biondi's prior behavior does not support his claim that he is unlikely to engage in criminal history in the future. Further, while Biondi may assist his mother and step-father while residing in their home, the record does not suggest that Biondi's assistance, while convenient, is required. Because the above-stated factors are not clearly supported by the record, we conclude that the trial court did not abuse its discretion in failing to find these factors to be mitigating when sentencing Biondi.

## II. Appropriateness of Sentence

[12] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the

Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). "The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (citing *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007)). The defendant bears the burden of persuading us that his sentence is inappropriate. *Id*.

[13] As for the nature of Biondi's crime, the record reflects that Biondi looked through a window into the bedroom of a seventeen-year-old girl as she was getting ready for school. One may reasonably infer from the record that Biondi masturbated while looking into the victim's bedroom. Further, as the trial court found, the victim has suffered significant mental anguish as a result of the offense.

[14] The evidence relating to Biondi's character as outlined earlier, is not favorable. Since 2009, Biondi has been convicted of voyeurism on three separate occasions and has victimized three different individuals. Biondi has failed to reform his behavior despite previous attempts at leniency and rehabilitation by the trial

courts handling his prior criminal cases. Further, the trial court sentenced Biondi in accordance with the terms of his plea agreement, which capped his sentence at a period of incarceration less than that permitted by statute.[1] For the above-stated reasons, we conclude that Biondi's sentence is not inappropriate.

The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.

---

[1] The maximum sentence for a Level 6 felony is two and one-half years. *See* Ind. Code § 35-50-2-7(b).